## ALONZO E. AXTELL

### v.

## JOHN CULLEN.

1. DEBTOR AND CREDITOR—PREFERENCE.—A debtor has an undoubted right to secure one creditor so far as he is able, even if in so doing he defeats the collection of the claim of another creditor, unless his real purpose in so doing was to hinder or defeat the other creditor in the collection of his claim.

2. KNOWLEDGE BY PREFERRED CREDITOR OF THE CLAIM OF ANOTHER.—The mere knowledge by the creditor thus secured of the existence of other claims against the debtor will not affect his rights, there being no proof that in taking security for his debt he had any other object in view than to secure himself.

APPEAL from the Circuit Court of McHenry county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed May 2, 1879.

Mr. JOHN B. LYON, for appellant; that the leasing of the land does not bring the case within the Statute of Frauds, so as to make the crop subject to sale on execution in favor of creditors, cited 1 Story's Eq. Jur. § 367; 2 Kent's Com. 442; Story on Sales, 653.

Upon the right of a debtor to prefer one creditor to another: Morris v. Tillson, 81 Ill. 607; 2 Kent's Com. 521; Fassett v. Traber, 20 Ohio, 540; Wall v. Lakin, 13 Met. 167; Johnson v. Whitwell, 7 Pick. 74; Marbury v. Burks, 7 Wheat. 566.

It must be shown that both vendor and vendee were guilty of a fraudulent intent: Brown v. Riley, 22 Ill. 46; Gridley v. Bingham, 51 Ill. 153; Gray v. St. John, 35 Ill. 222; Hessing v. McCloskey, 37 Ill. 341; Hatch v. Jordon, 74 Ill. 414; Kerr on Fraud and Mistake, 201.

If the act may be traced to an honest motive, such motive should be preferred. McConnel v. Wilcox, 1 Scam. 344; Bowden v. Bowden, 75 Ill. 143.

Mere suspicion is not sufficient to establish fraud: Bullock v. Narrott, 49 Ill. 62.

A sale of goods by a debtor or creditor will be presumed *bona fide*, in the absence of proof to the contrary: Jewett v. Cook, 81 Ill. 260.

And the burden is upon the party claiming the contrary to establish fraud: Hall v. Jarvis, 65 Ill. 202; McConnell v. Wilcox, 1 Scam. 344; Clark v. Groom, 24 Ill. 316; Blow v. Gage, 44 Ill. 208.

Mr. O. H. GILLMORE and Mr. J. P. CHEEVER, for appellee; that a contract made with intent to defraud creditors is fraudulent as to them, cited 2 Kent's Com. 512; Lowry v. Orr, 1 Gilm. 70; Deere v. Lewis, 51 Ill. 254; Boies v. Henney, 32 Ill. 130.

A purchase of property with knowledge that the sale is intended to defraud creditors, is void: Gardiner v. Otis, 13 Wis. 514.

Fraud may be established by circumstantial evidence: Swift v. Lee, 65 Ill. 336; Reed v. Noxon, 48 Ill. 323; Bryant v. Simoneau, 51 Ill. 324; Rothgerber v. Gough, 52 Ill. 436; Carter v. Gunnels, 67 Ill. 270.

The crops in question were not exempt unless the exemption was claimed by the defendants in execution: Rev. Stat. 1874, 498, § 12; Cook v. Scott, 1 Gilm. 333; McCluskey v. McNeely, 3 Gilm. 578.

Objection that an improper paper was handed to the jury on retiring, must be made at the time: Smith v. Wise, 58 Ill. 142.

The reading of improper testimony to the jury should be taken advantage of by an instruction of the court to disregard it: Kenyon v. Sutherland, 3 Gilm. 99.

Where the instructions, taken as a whole, fairly present the case, no error is committed: Cusick v. Campbell, 68 Ill. 508; Stowell v. Beagle, 79 Ill. 525; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309.

The verdict will not be disturbed unless clearly against the weight of evidence: Palmer v. Weir, 52 Ill. 241; Hope Ins. Co. v. Lonergan, 48 Ill. 49; Chilicothe Ferry, etc. Co. v. Jameson, 48 Ill. 281; Chicago City R'y Co. v. Young, 62 Ill. 238; Tucker v. Watts, 64 Ill. 416; Foos v. Sabin, 84 Ill. 565; Young v. Silkwood, 11 Ill. 36.

Where substantial justice has been done, the giving of an

Axtell v. Cullen.

improper instruction will not be ground for a new trial: Dishon v. Schorr, 19 Ill. 59; Schwarz v. Schwarz, 26 Ill. 81; Hall v. Groufe, 52 Ill. 421; Stobie v. Dills, 62 Ill. 433; Foos v. Sabin, 84 Ill. 564.

SIBLEY, J.   This suit originated before a justice of the peace of McHenry county, on a claim made by John Cullen against the appellants for the crops raised upon forty-four acres of land belonging to Florence and Eliza McCarty.   The case was taken by appeal to the Circuit Court of that county, where a trial was had, which resulted in a verdict for the plaintiff, and damages assessed at $125.   From the judgment rendered on that verdict the defendants appealed to this court.

The facts proven on the trial were few and simple.   On the 15th of March, 1877, John Cullen recovered a judgment against the McCartys for the sum of $196.   An execution issued upon this judgment, and was levied on the crops of wheat, corn and oats grown on the place occupied by Florence and Eliza McCarty.   At the constable's sale under the execution, in June, 1877, the crops were struck off to the plaintiff, Cullen, for one dollar and fifty cents, though he estimated their value at from $125 to $150.

Florence and Eliza McCarty having for some time been owing A. E. Axtell a considerable amount, four hundred dollars of which remained unsecured, Axtell, becoming anxious to secure a portion of his debt, on the 25th of March, 1877, leased of the McCartys (they being unable to procure the requisite means for cultivation), the land on which the grain in dispute was grown.   Axtell paid the rent of $175 to the lessors in advance, by giving them credit for that amount on their indebtedness.   He also furnished the seed, prepared the ground, hired all the help necessary to cultivate the land, gathered in the harvest and made the crop ready for market.

It was proven that Axtell, when he leased the land of the McCarty's, knew of Cullen's judgment against them.   He also employed Florence McCarty and his step-son to help till the ground leased, and paid them for their labor at the end of the season a span of horses worth $125.   These are the principal

circumstances relied on by the appellee, who was his only witness on the trial of the cause, to show a fraudulent intent on the part of Axtell to hinder and delay him in the collection of his judgment against the McCartys. Axtell and Florence McCarty both testified that no such intent existed. But that the land was rented by the parties for the purpose only of liquidating a just indebtedness.

Upon this evidence the jury found that Cullen was entitled to recover of the appellants the value of the crops raised on the land leased to Axtell. By what process of reasoning they arrived at that conclusion, we are unable to discover. There was no question but what Axtell's claim was an honest one. Nor can it be disputed that he had a perfect right to secure as much of it as he was able to, even if in so doing he defeated Cullen in the collection of his judgment, unless that was his real purpose in the transaction. Bump on Fraudulent Conveyances, 218, and cases cited in note 5; Ewing v. Runkle, 20 Ill. 448; Gray v. St. John, 35 Id. 222; Hesing v. McCloskey, 37 Id. 341; Francis v. Rankin et al. 34 Ill. 169.

It is contended by counsel for appellee, that inasmuch as he was informed by Florence McCarty that things had been so fixed as to prevent Cullen from getting anything without a fight with Axtell, the jury had a right to infer a fraudulent intent on the part of Axtell in renting the land. Concede that appellee's statement was true, although McCarty denied it, we know of no authority for holding that Axtell could in anywise be affected by it. For as to him, it was at best but hearsay evidence, and the whole record is destitute of proof that Axtell had any other object in view by leasing the land of the McCartys, except to secure at least a portion of his claim.

We do not deem it necessary to notice the other reasons pointed out for reversing the judgment appealed from, since the error assigned for not granting a new trial is well taken. However much the court may be disinclined to interfere with the verdict of a jury upon a question of fact, the one before us is so clearly against the weight of evidence that it should have been set aside and a new trial awarded. The judgment of the Circuit Court is therefore reversed and the cause remanded.

Reversed and remanded.